KARL H. LUDWIG, Appellant, v. JOHN KIPP,
Respondent.

*Chattel mortgage on property to be acquired in the future—valid as between
the parties thereto.*

Appeal from a judgment of the County Court of Kings county
in favor of the defendant, and from an order denying a motion
for a new trial made upon the judge's minutes.

The action was brought to recover certain articles of personal
property, claimed by the plaintiff by virtue of a chattel mortgage
given to him by the owner of the property.

One John Pruser executed a chattel mortgage to the plaintiff
upon all the tools, fixtures and personal property in his store,
including all the stock that might be put in thereafter. When
the mortgage was signed there were no goods in the store and the
plaintiff declined to take the mortgage, or advance the money
which the mortgage was intended to secure. It was then agreed
that the mortgage should remain with the attorney for plaintiff
until the store was fitted up. After the goods were bought and
placed in the store the money was paid and the mortgage deliv-
ered to plaintiff, and a copy duly filed. The plaintiff owned the
real estate on which the store of Pruser was located. Some three
months after the date of the mortgage the goods were moved
away in the night time by Pruser and defendant Kipp. Kipp
knew of the existence of plaintiff's mortgage, and had no connec-
tion with the title to the goods. The goods in question were
found concealed on defendant's premises. Upon this state of
facts the court nonsuited the plaintiff.

The court, at General Term, said : "I think his ruling erro-
neous. Assuming that a mortgage on chattels is void as to
after acquired property between the parties and irrespective of
the rights of creditors, there was evidence that the entire property
in dispute was in the store at the delivery of the mortgage ; that
the mortgage was left undelivered in order that the property
might be *in esse.*

" I do not, however, think that a mortgage (which is merely a conditional bill of sale) of after acquired property is void as between the parties. The cases in which such a mortgage has been held void were cases where the question arose between the mortgagee and purchasers in good faith and judgment creditors. As has already been observed, as the case stands defendant is neither a purchaser or judgment creditor, but merely one who has concealed goods belonging to the plaintiff."

*William J. Gaynor,* for the appellant. *A. Simis,* for the respondent.

Opinion by Barnard, P. J. ; Gilbert and Pratt, JJ., concurred.

Judgment and order denying new trial reversed and new trial granted, costs to abide event.